IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

THEODORE CHARLES WENZEL,                          (Chapter 7)

Debtor.                          Case No. 13-15445

THEODORE CHARLES WENZEL,

Plaintiff,

ROBERT T. KASDORF, TRUSTEE,

Plaintiff,

v.                          Adv. No. 15-00105

GREEN TREE SERVICING, LLC,

Defendant.

MEMORANDUM DECISION

On November 8, 2013, debtor, Theodore Wenzel, filed a voluntary chapter 7 petition. Green Tree Servicing LLC (Green Tree), filed a timely proof of claim asserting a security interest in Wenzel's home. Wenzel objected to that claim and then brought this adversary proceeding to determine the validity of Green Tree's lien. On October 20, 2015, the bankruptcy trustee was joined as a plaintiff. The parties stipulated to the facts of the case and agreed to submit their dispute to the court on briefs. The following discussion constitutes my findings of facts and conclusions of law.

On January 25, 2008, Matthew and Jennifer Bach purchased a home financed by Countrywide Bank which took a mortgage to secure its note. That mortgage, recorded in Rock County on January 31, 2008, identified the property's street address as 2203 S. Osborne Avenue,

1

Janesville, Wisconsin 55346, and tax key number as #241-0411400072, but it failed to include a legal description of the property. Where the legal description was to have been provided the mortgage states: "Exhibit A." No "Exhibit A" is attached to the recorded mortgage.

On November 1, 2009, Wenzel purchased the house from Jennifer Bach and gave her a mortgage securing a debt of $116,000. That mortgage was recorded in Rock County. It contained both the street address of the property and the correct legal description. Wenzel contends that he had no actual knowledge of the Countrywide mortgage when this mortgage was recorded.

On October 17, 2013, Countrywide assigned its mortgage to Green Tree. The written assignment included the legal description of the property and made reference to the Countrywide mortgage and its recording date. Twenty-two days later this bankruptcy case was commenced.

On May 13, 2014, Green Tree filed its proof of claim asserting a security interest in the property. On June 12, 2015, the trustee filed a motion requesting the court approve the sale of the Property to Wenzel for $8,536.00, which is the fair market value of the property minus the homestead exemption claimed by Wenzel. On July 17, 2015, Wenzel filed this adversary proceeding alleging that Green Tree does not have a valid lien on the property.

Plaintiffs contend that the lack of a legal description in the Countrywide mortgage made it void as against subsequent purchasers under Wisconsin statute, Wis. Stat. § 706.08(1)(a). They argue that the absence of a legal description in the Countrywide mortgage made it undiscoverable in the tract index at the time Wenzel purchased the home. The trustee argues that Green Tree's recording of the assignment within 90 days before the debtor filed his petition was a voidable preference pursuant to § 547(b).

Green Tree contends that disclosure in tract indexes is not dispositive of validity and constructive notice in Wisconsin, citing *Bank of New York Mellon Trust Co. v. Wittman*, No. 12-

2

C-846, 2013 WL 173801 (E.D. Wis. Jan. 16, 2013). The inclusion in Countrywide's mortgage of the debtors' identity, the property's address, and the tax identification number, were sufficient to provide constructive notice through the grantor/grantee index of Countrywide's interest in the property. In support of its factual contention, Green Tree has submitted the declaration of one of its attorneys, Tanya Salman, in which Salman has provided a screen shot of a search conducted in the Rock County Register of Deeds grantor/grantee database. In it, Salman shows that a search under the seller's name, Jennifer Bach, discloses the Countrywide mortgage as an encumbrance on the property.

Wenzel brought his complaint under 11 U.S.C. § 542, which provides that:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542 (2012). Section 542 requires turnover to the trustee, not the debtor. Accordingly, the trustee, not Wenzel, has standing to bring a complaint under its provisions. *See In re Trujillo*, 485 B.R. 238, 247 (Bankr. D. Colo. 2012) ("The fact that § 542(a) requires turnover *to the trustee* in a chapter 7 case is also significant for another reason. It means that the Debtors in this case have no standing to assert a right of turnover under § 542(a).") (emphasis in the original); 5 Collier on Bankruptcy ¶ 542.03 (16th ed. 2015). The trustee also seeks recovery on the theory that recording the assignment to Green Tree was a preferential transfer avoidable under § 547(b).

Because the other elements of a preference are not disputed, all the trustee must show is that until the assignment from Countrywide to Green Tree was recorded, neither Countrywide nor Green Tree had an enforceable interest in the Wenzel's house. And, to rebut the objection to its claim to secured status, Green Tree must establish that Countrywide's mortgage was valid at

3

the time of the assignment to Green Tree. These crossed swords of the parties' burdens are successfully sorted out by reference to *Bank of New York Mellon*, and the fabric of Wisconsin's "race-notice" recording statute:

> Except for patents issued by the United States or this state, or by the proper officers of either, every conveyance that is not recorded as provided by law shall be void against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first.

Wis. Stat. § 706.08 (2016).

In *Bump v. Dahl*, the Wisconsin Supreme Court held that: "Purchasers in good faith are purchasers without notice of existing rights in the land." 133 N.W.2d 295, 299 (Wis. 1965). This court observed in *In re Thulis*, that: "A bona fide purchaser (or a good faith purchaser) is one without notice, either actual or constructive of any existing rights in the land." 474 B.R. 668, 673 (Bankr. W.D. Wis. 2012). Under state law, constructive notice:

> . . . [A]rises when a purchaser without knowledge is subjected on grounds of public policy to the liabilities he would be subject to had he in fact had knowledge, because he was in such a position that if he had exercised a reasonable degree of care in availing himself of the avenues of information open to him he could have acquired the knowledge.

*In re Wittman*, No. 10-22811, 2012 WL 2742099, at *5 (Bankr. E.D. Wis. July 9, 2012) (quoting *Bump*, 133 N.W.2d at 299)). As to the appropriate "avenues of information":

> A purchaser of land has three sources of information which he should consult to learn of rights to the land he is about to purchase: (1) The records in the office of the register of deeds where the basic rights involved are recorded; (2) other public records to discover rights which usually are not recorded in the office of the register of deed, i.e., judgments and liens; and (3) the land itself . . . .

*Bump*, 133 N.W.2d at 300. Accordingly, the question here becomes whether the grantor/grantee index maintained by the office of the register of deeds is one of the records a bona fide purchaser must consult.

In *Bank of New York Mellon*, the bankruptcy court held that failure by the Chapter 13 debtors' mortgagee to include the appropriate lot number in the legal description contained in the mortgage was fatal to the validity of the mortgage as against the bankruptcy trustee's strong-arm power under § 544(a)(3). *Wittman*, 2012 WL 2742099, at *8. There, the court acknowledged that the county register of deeds maintained both a grantor/grantee and tract index, and that the mortgage would have been identifiable in the former, as it contained the debtors' identity, the property's address, and the tax ID. However, the court found that the possibility of identification through the grantor/grantee index was irrelevant. *Id.* at 2.

In reaching this conclusion, the bankruptcy court relied heavily on Wis. Stat. § 706's chain of title provisions. Specifically, the court held that because the tract index was the only one referenced in § 706.09(4)'s "chain of title" definition, that an investigation of a grantor/grantee index by a subsequent purchaser would be unnecessary to establish his bona fides. *Id.* at 6-7.[1] Further, the court looked to the Wisconsin Court of Appeals' decision in *Associates Financial Services Company of Wisconsin v. Brown*, which also relied on § 706.09's chain of title provisions. 656 N.W.2d 56, 61 (Wis. Ct. App. 2002). In *Brown*, the court "rejected the claim that a search of a computer system maintained by the Register of Deeds was required for the purchaser to perform a reasonable search because Wis. Stat. § 706.09(2)(b) imposes no such requirement on a purchaser for value." *Id.* at 7 (citing *Brown*, 656 N.W.2d at 61)). Accordingly, the bankruptcy court found support in *Brown* for the conclusion that a search of the computerized grantor/grantee index by a subsequent purchaser was unnecessary.

---

[1] *See* Wis. Stat. § 706.09(4) (2016) ("The term 'chain of title' as used in this section includes instruments, actions and proceedings discoverable by reasonable search of the public records and indexes affecting real estate in the office of the register of deeds and in probate of clerks of courts of the counties in which the real estate is located; a tract index shall be deemed an index where the same is publicly maintained.").

5

In reversing the bankruptcy court's decision, the district court held that "a purchaser of real estate in Wisconsin must search both the grantor/grantee index and, where one exists, the tract index in order to be considered bona fide and without notice." *Bank of New York Mellon*, 2013 WL 173801, at *6 (E.D. Wis. Jan. 16, 2013). The court observed:

> It . . . also seems more reasonable to look to the grantor/grantee index since one who gives money to another in return for an interest in property is primarily concerned with whether the person to whom he is giving the money has an interest in the property he is conveying.

*Id.* In support of this conclusion, the court looked to the Wisconsin Supreme Court's *Hiles v. Atlee* decision. 49 N.W. 816 (1891). To wit:

> The manifest purpose of requiring the names of the grantors to be thus entered in the general index in alphabetical order was to enable persons interested in the title to the land to ascertain by an inspection thereof whether the owner had parted with or been deprived of the title thereof. The name of the owner would be generally known, or could be easily ascertained, and then whether he had transferred or encumbered his title could be readily determined by an inspection of such index when properly kept.

*Bank of New York Mellon*, 2013 WL 173801, at *7 (quoting *Hiles*, 49 N.W. at 817)).

The court found further support for its holding in the various back-stop provisions in § 706 which provide that instruments may have been properly recorded even if they are improperly indexed in a tract index. *See* Wis. Stat. §§ 706.08(2) and 706.05(7) (2016). Additionally, as to the bankruptcy court's § 706.09(4) analysis, the district court held: "That the subsection specifically notes that 'a tract index shall be deemed an index where the same is publicly maintained' cannot be reasonably read as excluding other indexes maintained by the register of deeds, especially the grantor/grantee index which all registers of deeds are required to maintain." *Bank of New York Mellon*, 2013 WL 173801, at *7. Finally, as to *Brown*, the court found that it was inapposite. Specifically, the court observed that: "the only index discussed in the case is the tract index," the adverse claimants in *Brown* "conceded" that the subsequent

mortgagee "had taken its mortgage in good faith and for value and that a search of the index would not have shown their quitclaim deed in the chain of title," and the issue in *Brown* was "whether the [subsequent mortgagee] had a duty to also search a separate 'computer system' at the register of deeds office." *Id.* at 8 (citing *Brown*, 656 N.W. 2d at 59-61). By contrast, the court observed that instead of the idiosyncratic computer system discussed in *Brown*, in *Bank of New York Mellon* "the Mortgage was properly recorded in the grantor/grantee index." *Id.*

So, despite the deficient legal description, a mortgage's appearance in the grantor/grantee index establishes constructive notice to subsequent purchasers and the bankruptcy trustee may not use his strong-arm power to avoid the mortgage. *Id.* at 8-9. If a mortgage can survive the attack of a bankruptcy trustee, it is "valid" for the purpose of our inquiry.

Here, unlike *Bank of New York Mellon*, Countrywide failed to include any legal description in its mortgage. However, like *Bank of New York Mellon*, a search of the Rock County grantor/grantee index reveals Countrywide's mortgage as an encumbrance on the property.[2] Neither the trustee nor the debtor may therefore claim to have an interest in the property superior to that mortgage in the hands of the assignee, Green Tree. This adversary proceeding must be dismissed. It may be so ordered.

Dated: May 9, 2016

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

---

[2] *But see In re Couillard*, 486 B.R. 466, 475-476 (Bankr. W.D. Wis. 2012) (citing *In re Thulis*, 474 B.R. 668, 678 (Bankr. W.D. Wis. 2012); *In re Wittman*, No. 10-22811, 2012 WL 2742099, at *7 (Bankr. E.D. Wis. July 9, 2012)) (In *Couillard* this court observed that: "Two recent bankruptcy opinions (one from this Court, one issued in the Eastern District) have concluded that in Wisconsin an instrument which does not appear in the tract index against a particular parcel is not properly recorded as provided by law." Accordingly, this court held that: "The fact that the mortgage otherwise appears in the grantor/grantee index (or a computer system at the Register of Deeds) is irrelevant." However, the facts in the *Thulis* decision are inapposite (there the bank completely failed to record its mortgage), and the *Wittman* decision was subsequently overturned by the Eastern District Court in *Bank of New York Mellon*.).